# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NORTH DAKOTA

| | | |
|---|---|---|
| Kevin Hoff, | ) | |
| | ) | **ORDER DENYING MOTION FOR** |
| Plaintiff, | ) | **RECONSIDERATION** |
| | ) | |
| vs. | ) | |
| | ) | Case No. 1:23-cv-153 |
| Joseph Joyce, et al., | ) | |
| | ) | |
| Defendants. | ) | |

Plaintiff, an inmate at the North Dakota State Penitentiary ("NDSP") initiated the above-captioned action in August 2023 with the submission of an application to proceed in forma pauperis and proposed complaint. (Doc. Nos. 1 through 3). On September 27, 2023, the court issued an order denying Plaintiff's motion to proceed in forma pauperis and dismissing the above-captioned action without prejudice, reasoning:

> To date Plaintiff has either filed or sought leave to file nine other actions in which he has claimed that NDSP staff: (1) have been deliberately indifferent to his medical needs insofar as they have restricted his access to food and/or insulin, making it difficult for him to manage his diabetes; and/or (2) denied him the ability to present evidence and examine witnesses at disciplinary proceedings regarding his misuse of medication and disobedience.
>
> * * *
>
> "District courts may dismiss a duplicative complaint raising issues directly related to issues in another pending action brought by the same party." Barber v. Frakes, No. 8:21CV285, 2021WL 4748688, at *2 (D. Neb. Oct. 12, 2021) (citing Aziz v. Burrows, 976 F.2d 1158, 1158 (8th Cir. 1992); see also Sanders v.Washington, 582 F. Supp. 3d 543, 547 (W.D. Mich. 2022) (citing cases from seven circuits for the proposition that "[p]laintiffs generally have no right to maintain two separate actions involving the same subject matter at the same time in the same court and against the same defendants" and that a district court, "as part of its inherent power to administer its docket...may dismiss a suit that is duplicative of another federal court suit."). Plaintiff claims in the instant action appear to be tied to the issues Plaintiff first raised in [Hoff v. Joyce, et al., Case No. 1:22-cv-151 ("Hoff I")]. The proposed complaint that he lodged in this action references malpractice and thus arguably

appears related to the issues regarding his access to insulin, his access to food, and his ability to present evidence at disciplinary hearings regarding his continued misuse of insulin and disobedience that also form the basis for claims in Hoff I. In other words, the instant action and Hoff I appear to pertain to same subject matter that Plaintiff alleges is ongoing or continuing. The court is not inclined to entertain this second action as it would obligate Plaintiff to pay another filing fee in installments, would result in the needless expenditure of judicial resources on issues already before the court, and may impact Plaintiff's ability to file actions in the future. [FN2]

[FN2]   Because Plaintiff is a prisoner, his pleadings are subject to the Prison Litigation Reform Act ("PLRA"). The PLRA contains what is commonly referred to as the "three strikes" provision. This provision, codified at 28 U.S.C. § 1915(g), provides that a prisoner who has had three prior actions or appeals dismissed as frivolous, malicious, or for failure to state a claim may not proceed in a civil action without prepayment of fees unless he is "under imminent danger of serious physical injury."

(Doc. No. 6).

On October 10, 2023, Plaintiff filed what the court construes as a motion for reconsideration of the court's October 5, 2023, order.  (Doc. No. 7).  He asserts that the conduct giving rise to his claims in this case, although ostensibly the same the conduct forming the basis for his claims in Hoff I, occurred on a different date and time and therefore constitutes the basis for a separate and distinct cause of action which should not be dismissed without due consideration.

The court finds no basis for reconsidering its previous order.  The claim being asserted and relief being sought in the instant case are ostensibly the same as the claims being asserted and relief being requested in Hoff I. Here, Plaintiff claims that "on 7-1723 staff withheld my insult.  I am a type I diabetic and have had the same prescription by a medical doctor for the last 4 yours.  Without ." (Doc. No. 3).   In Hoff I, Plaintiff claims, among other things, that he was denied the ability to present evidence at a disciplinary at hearing regarding his misuse of medication and disobedience. See Hoff I at Doc. No. 8.  In both Hoff I and the instant action he requests, among other things,

injunctive relief

The instant action is duplicative of <u>Hoff I</u>.  Plaintiff's motion for reconsideration (Doc. No. 7) is therefore **DENIED**.

**IT IS SO ORDERED.**

Dated this 14th day of November, 2023.

<u>*/s/ Clare R. Hochhalter*</u>
Clare R. Hochhalter, Magistrate Judge
United States District Court
